**Azael Homero SANCHEZ CELI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71847.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

Karla Kraus, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jocelyn Lopez Wright, Andrew C. MacLachlan, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Azael Homero Sanchez–Celi, a citizen of Peru, petitions for review of the Board of Immigration Appeals' streamlined affirmance of the Immigration Judge's ("IJ's") decision. The IJ denied Sanchez–Celi's petition for asylum and withholding of removal. We deny Sanchez–Celi's petition.

The IJ noted a number of inconsistencies that, when taken together, constitute substantial evidence supporting the IJ's adverse credibility determination. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003). In particular, Sanchez–Celi offered vague and inconsistent testimony regarding the firearms he carried and regarding his firearms training, he could provide little concrete testimony regarding a position he allegedly held for at least eight months, and the small amount of information he introduced regarding very public events he allegedly witnessed did not accord with his account. Accordingly, we affirm.[1]

We reject Sanchez–Celi's contention that the IJ prejudged his case and acted as a prosecutor instead of a neutral arbiter, thereby violating Sanchez–Celi's right to due process. The IJ's questions and expressions of frustration in this case in no way suggest that he could not make a fair judgment. *See Taha v. Ashcroft,* 362 F.3d 623, 629 (9th Cir.2004). If anything, his questions allowed Sanchez–Celi to explain confusing parts of his testimony and to address inconsistencies. Sanchez–Celi had a "reasonable opportunity to present information on his behalf" and had a "full and fair hearing." *Reyes–Melendez v. INS,* 342 F.3d 1001, 1006 (9th Cir.2003) (internal quotation marks omitted). Accordingly, we deny the petition.

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We note that even if Sanchez–Celi had testified credibly, his claim would still fail. He was unable to show that he has a well-founded fear of future persecution. *See Montecino v. INS,* 915 F.2d 518, 521 (9th Cir.1990).

